Dong v. Holder

BIA
Burr, IJ
A089 253 024

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of August, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> > *Circuit Judges.*[*]

_____

HONG BO DONG, AKA HONGBO DONG,
> *Petitioner*,

> > 10-4937-ag

v.                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Gerald Karikari, New York, New York.

_____

[*]The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Pegah Vakili, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Hong Bo Dong, a native and citizen of China, seeks review of a November 8, 2010, decision of the BIA affirming the November 26, 2008, decision of Immigration Judge ("IJ") Sarah M. Burr denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Bo Dong*, No. A089 253 024 (B.I.A. Nov. 8, 2010), *aff'g* No. A089 253 024 (Immig. Ct. N.Y. City Nov. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision, except for her findings that Dong did not subjectively feel persecuted and did not engage in "other resistance" to a coercive population control policy, as the BIA did not rely on those findings. *See Xue Hong Yang v.*

*U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Dong did not suffer past persecution because, although he was beaten twice, including once while in detention, he suffered only minor injuries that did not require medical attention and his detention was brief. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (concluding that persecution requires that the harm suffered be sufficiently severe, rising above "mere harassment"); *see also Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (holding that petitioner failed to establish persecution where "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect").

The agency also reasonably concluded that Dong failed to demonstrate a well-founded fear of future persecution or a likelihood that he would be tortured under the family planning policy, as he testified that he was not in violation of the policy and that he and his wife could lawfully have another child. *See Jian Xing Huang v. INS*,

421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution in China because of his desire to have more children, his fear was "speculative at best").

Thus, because Dong did not establish that he suffered past persecution, that he has a well-founded fear of future persecution, or that he is likely to be subjected to torture, he did not establish his eligibility for asylum, withholding of removal, or CAT relief. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 183-85 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4